**UNITED STATES of America, Appellant,**

v.

**Raymond LLANES, Defendant-Appellee.**

**No. 261, Docket 30133.**

United States Court of Appeals
Second Circuit.

Argued March 3, 1966.

Decided March 8, 1966.

Paul K. Rooney, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, and Neal J. Hurwitz, Asst. U. S. Atty., New York City, on the brief), for appellant.

Joshua N. Koplovitz, New York City (Anthony F. Marra, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, KAUFMAN, Circuit Judge, and FEINBERG, District Judge.*

LUMBARD, Chief Judge:

The United States appeals, pursuant to 18 U.S.C. § 1404(2), from an order of the District Court for the Southern District of New York, entered September 29, 1965, which suppressed narcotics seized from the defendant at the time of his arrest on June 25, 1965. We hold that probable cause existed for the arrest and search, and reverse the order of the district court.

■ As the defendant's counsel conceded on this appeal, the testimony of the federal agents before Judge Cashin clearly established that they had probable cause to believe Llanes was in illegal possession of heroin. The defendant told an undercover agent he had the "stuff" and that agent signalled the information to the arresting officer only moments before the arrest.

■ We find no merit to appellee's suggestion that the district judge suppressed the evidence because he did not believe the agents' testimony. Asked by the government to explain the basis for his ruling and whether he accepted the facts testified to by the agents the judge replied:

"I must accept those facts because that is the hearing before me. I held on those facts there wasn't sufficient probable cause for the arrest, and therefore that is the only question involved."

We see no reason to doubt that Judge Cashin meant that he believed the agents, particularly since there was no opposing testimony to contradict that of the agents, nor any argument that the evidence should not be credited in its essential details.

■ Although district court judges are not required to make findings on a hearing to suppress evidence under Federal Rules of Criminal Procedure 41(e), this case illustrates how useful even brief findings would be. It would be the better practice to make such findings when, as here, one party seeks them and it is apparent that an appeal may be taken.

■■ We note that after suppressing the narcotics Judge Cashin released the defendant on his own recognizance. Section 201 of the Narcotics Control Act, now 18 U.S.C. § 1404, passed in 1956 significantly departs from past practice and permits the government to appeal from an order suppressing evidence in a narcotics case, and it expressly enjoins the government to proceed with expedition. "Any appeal under this section shall be taken within 30 days after the date the order was entered and shall be diligently prosecuted." And as the Supreme Court noted, the act also departs from the practice under the Criminal Appeals Act of 1907, now 18 U.S.C. § 3731, by not containing any provision for bail on a defendant's own recognizance. Carroll v. United States, 354 U.S. 394, 408 n. 23, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1959). In the circumstances of this case, we think the discharging of the defendant on his own recognizance was inappropriate and that the government was remiss in not having sought a stay from this court pending an expedited appeal. Moreover, there is every reason why appeals from orders suppressing evidence in narcotics cases should be expedited. Failure of the government to seek review promptly may well merit dismissal in the absence of good reason for delay. And, in the future, we will look with increasing skepticism upon the justification suggested here for lack of expedition—the necessity to refer the matter to Washington.

The order of the district court suppressing the narcotics evidence is reversed.

* Sitting by designation.